Whitten & Wife, Ap'ts, *v.* Davis & a.

The mother of a minor dying unmarried, and leaving no father, brother or sister, is entitled to his estate, which was derived by descent from his paternal grandfather, to the exclusion of the children of the grandfather.

Appeal from the decree of the judge of probate.

From the statement of facts it appeared that Caleb Davis died in February, 1844, intestate, leaving five

Whitten v. Davis.

children and one grandchild, William H. Davis, three years of age, the son of Caleb Davis, Jr., deceased; and his estate was distributed accordingly.

On the 17th of July, 1845, said William H. Davis died, leaving a mother, who is the wife of Whitten, and one of the appellants, but leaving no brother or sister.

The judge of probate decreed a distribution of his estate, derived from the estate of his grandfather, Caleb Davis, among the children of said Caleb, to the exclusion of his mother; from which decree this appeal is taken.

*S. Dana*, for the appellants, contended that the property of an intestate vests in his heirs, without reference to the source from which it is inherited, excepting where the statute makes an express provision to the contrary; and that the mother must take, in this case, either under the third or fourth clause of section 1, chapter 166, Rev. Stat. 1 Pr. Wms. 53, *Moor* v. *Barnham;* 1 Howard 37, *Doe* v. *Deloach;* 9 Porter 497, *Deloney* v. *Walker;* 12 Mass. 490, *Sheffield* v. *Lovering;* 4 Kent's Com. 404; 2 N. H. Rep. 394, *McAfee* v. *Gilmore;* 2 N. H. Rep. 460, *Parker* v. *Nims.*

*Cate*, for the appellees, cited sec. 2, chap. 166, Rev. Stat., and contended that the property must descend as if the grandchild had died before the grandfather. 4 Kent's Com. 405. The statute designed to continue the property in the line of the meritorious party.

PARKER, C. J. The statute distributes the estate of an intestate (subject to any rights of dower or curtesy which may exist), first to the children of the deceased and their legal representatives; second, if no issue, to the father, if living; third, if no issue, or father, to the mother, and to brothers and sisters and their representatives; fourth, to the next of kin in equal shares. Revised Statutes, chap. 166, sect. 1.

As there is in this case no father, or brother or sister of William H. Davis, the mother takes the whole estate, by the express language of the third clause of that section. If that clause was struck out, she would take under the fourth clause.

The appellees rely upon the second section of the same chapter, but it does not apply to this case. It is, "if any person shall die under age and unmarried, his estate, derived by descent or devise from his father or mother, shall descend to his brothers and sisters, or their legal representatives, if any, to the exclusion of the other parent."

But this property was not derived by descent from the father, who never had any interest in it, nor are there any brothers or sisters of the intestate, or their legal representatives, to take it to the exclusion of the mother.

Where an estate, whether testate or intestate, is settled, the surviving husband, or wife, as the case may be, receives such share of it as the law prescribes, and the residue goes to the children, if any. If a minor child takes a share of such estate, and dies under age and unmarried, leaving a brother or sister, or the legal representatives of one, the second section of chap. 166 provides that the share so taken by such minor, or so much of it as remains, shall descend as if the minor had never taken it; that is, among the brothers and sisters, and their legal representatives, to the exclusion of the other parent who had already received his or her share of the estate from which that share was derived. In other words, such property is disposed of, under those circumstances, as if the minor had died before the father or mother from whom it was derived. That seems to be the full extent of the provision. Neither the terms nor the reason of the thing apply to this case. The mother of the intestate received nothing from the estate of the grandfather.

*Decree reversed.*